IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WILLIAM HAGGINS, IV, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:24-CV-00150-E |
| | § | |
| DEEP ELLUM FOUNDATION, and DEEP | § | |
| ELLUM COMMUNITY ASSOCIATION, | § | |
| | § | |
| Defendants. | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are the following motions: (1) Plaintiff William Haggins, IV's ("Haggins") Motion to Remand, (ECF No. 6); and (2) Defendants Deep Ellum Foundation's and Deep Ellum Community Association's (collectively "Deep Ellum") Motion to Dismiss. (ECF No. 8). After considering the briefing, appendices, and applicable law, the Court hereby (1) **DENIES** Haggins' Motion to Remand, and (2) **GRANTS** Deep Ellum's Motion to Dismiss.

### I. BACKGROUND

This removal proceeding involves an employment dispute concerning alleged race discrimination. A brief summary of the facts of the case as alleged by Haggins are as follows:

> Mr. Haggins, an accomplished and highly sought-after event professional, entered into a contractual relationship for employment with Defendants in March 2022. Mr. Haggins was contracted to serve to lead the 150th Anniversary of the Deep Ellum District's celebration, and various other events aimed to uplift and celebrate the Dallas Black Community. Other notable contract roles were serving as the Event Manager in charge of the Juneteenth Block Party and the Deep Ellum Music Festival on November 18, 2023. The purpose of these events was to improve the relationship between the Dallas Black Community and change the narrative surrounding Deep Ellum [] and racial intolerance in the community. During his brief contractual relationship with Defendant, Mr. Haggins continuously and consistently endured a work environment smothered in racist undertones and

microaggressions. Mr. Haggins' experience with Defendants has left him in need of psychotherapy intervention on a weekly to biweekly basis.

(ECF No. 1-10 at 1).[1]

Haggins initiated this lawsuit in state court on December 4, 2023, asserting (i) a state law cause of action under section 21.051 of the Texas Labor Code, and (ii) a federal cause of action under 42 U.S.C. § 1981. (ECF No. 1-5). He then filed his First Amended Petition ("the Petition") on January 8, 2024, alleging the same claims. (ECF No. 1-10). The Petition is the operative complaint Haggins proceeds on. Deep Ellum removed this matter to federal court on January 19, 2024, pursuant to federal question jurisdiction under 28 U.S.C. § 1331. (ECF No. 1).

On February 10, 2024, Haggins filed his motion to remand, (ECF No. 6), along with his appendix in support. (ECF No. 7). Deep Ellum responded on March 4, 2024. (ECF No. 10). Additionally, on February 27, 2024, Deep Ellum filed its motion to dismiss. (ECF No. 8). Haggins failed to file any type of response to the motion to dismiss. Thus, both motions are ripe for determination.

## II.   LEGAL STANDARD

### A.   Removal Jurisdiction

Title 28 U.S.C. § 1441(a) permits removal of "any civil action brought in state court of which the district courts of the United States would have original jurisdiction." 28 U.S.C. § 1441(a). The statute allows a defendant to "remove a state court action to federal court only if the action could have originally been filed in federal court." *Anderson v. American Airlines, Inc.*, 2 F.3d 590, 593 (5th Cir. 1993). However, "[b]ecause removal raises significant federalism concerns, the removal statute must be strictly construed and any doubt as to the propriety of

---

[1] The Court pretermits a more detailed factual background as such specifics are unnecessary to the analysis of both motions at issue.

removal should be resolved in favor of remand." *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (internal quotations omitted); *see also Shamrock Oil & Gas Corporation v. Sheets*, 313 U.S. 100, 108-109 (1941). "The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *see Gutierrez*, 543 F.3d at 251.

"Absent diversity of citizenship, federal-question jurisdiction is required." *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987). Federal question cases are those cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "It is long settled law that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." *Caterpillar Inc.,* 482 U.S. at 392. "Thus, a defendant may not remove a case to federal court unless the *plaintiff*'s complaint establishes that the case arises under federal law." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 10 (1983). "In cases that have been removed to federal court, the plaintiff's complaint rather than the removal petition must establish federal jurisdiction." *Kidd v. Southwest Airlines*, 891 F.2d 540, 542 (5th Cir. 1990).

**B.    Motion to Dismiss**

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). If a plaintiff fails to satisfy Rule 8(a), the defendant may file a Rule 12(b)(6) motion to dismiss for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as

true, to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when the plaintiff pleads factual content that allows the courts to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Iqbal*, 556 U.S. at 678.

In considering a Rule 12(b)(6) motion to dismiss, "the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to plaintiff." *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 725 (5th Cir. 2019). The court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citation omitted.)

### III. ANALYSIS

The Court first addresses Haggins' motion to remand, as the Court cannot properly consider Deep Ellum's motion to dismiss if the Court is not found to have subject-matter jurisdiction over the case. However, as the Court concludes it does have subject-matter jurisdiction over this case, not only is Haggins' motion to remand denied, but the Court can properly consider Deep Ellum's motion to dismiss, which it has done, and for the reasons discussed below, hereby grants.

**A.    The Court has proper subject-matter jurisdiction, and thus denies Haggins' motion to remand.**

The Court finds all arguments put forth in Haggins' motion to remand frivolous and wholly without merit. Haggins asserts that removal here was improper for three reasons: (1) procedural defects, specifically that "Defendant Deep Ellum Community Association's purported consent is

defective and a nullity"; (2) Deep Ellum waived the right of removal; and (3) the Court lacks jurisdiction over Haggins' state law claim. (ECF No. 6 at 2-8).[2]

As to Haggins' third argument regarding the Court's subject-matter jurisdiction, the Court disagrees—concluding the Court has proper federal question jurisdiction over Haggins' § 1981 claim, and supplemental jurisdiction over his state law claim under the Texas Labor Code. Federal courts possess original jurisdiction over claims alleging a federal question. *See* 28 U.S.C. § 1331. Additionally, federal courts may exercise supplemental jurisdiction over state law claims in limited circumstances, namely when "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Such is the case here. It is undisputed that the Court has jurisdiction over Haggins' federal law claim under § 1981. (*See* ECF No. 6 at 6-8). Rather, Haggins argues that his federal law and state law claim do not arise from the same case or controversy—"[w]hile both the state law and federal law claims touch on the racist behaviors of Defendants, there are two clearly distinct nuclei of operative facts." (ECF No. 6 at 7). Specifically, he argues that the "state law claim concerns the unlawful racist treatment Plaintiff experienced, and in particular the adverse employment action he suffered, at his employment," and that his "federal law claim, on the other hand, concerns Plaintiff as an independent contractor," more specifically the alleged retaliation he suffered for attempting to inform Deep Ellum of the hostile work environment. (ECF No. 6 at 7). Such argument is unavailing. Both of Haggins' claims arise from the same core factual issue—the alleged racist treatment he was subjected to during his

---

[2] Haggins' arguments that removal was improper based on (i) procedural defects and (ii) waiver are meritless, and Haggins fails to include any law to support his conclusory statements. Further, Haggins' appendix in support of his motion to remand, (ECF No. 7), consists merely of the table of contents—it appears Haggins inadvertently omitted the applicable contents. Thus, the Court will not address these two arguments in support of remand and focuses solely on the challenge to supplemental jurisdiction.

employment with Deep Ellum. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966) ("The state and federal claims must derive from a common nucleus of operative fact."); *see also Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008) (holding that the same case or controversy requirement is met when "both the federal and state claims on the face of the pleadings concern the same core factual issue"). Thus, as both Haggins' federal and state law claims are so related as to form part of the same case or controversy, the Court has proper supplemental jurisdiction over Haggins' state law claim.

Therefore, the Court has proper subject-matter jurisdiction over both Haggins' federal and state law claims, and thus, Haggins' motion to remand must be denied.

**B.   Haggins effectively abandoned his claims, thus, Deep Ellum's motion to dismiss is granted.**

In its motion to dismiss, Deep Ellum argues that all of Haggins' claims should be dismissed under Rule 12(b)(6) for failure to state a claim because: (1) Haggins failed to exhaust his administrative remedies for his state law claim; (2) Haggins failed to state any claim for which relief can be granted for race discrimination as to both his state and federal law claims; (3) Haggins failed to state facts sufficient to allege hostile work environment; and (4) Haggins' allegations fail to establish a claim for retaliation. (ECF No. 8 at 5-6). Haggins did not respond to such arguments.

Northern District of Texas Local Civil Rule 7.1(e) instructs that "[a] response and brief to an opposed motion must be filed within 21 days from the date the motion is filed." N.D. Tex. Loc. Civ. R. 7.1(e). A party who fails to pursue a claim beyond its initial pleading may waive or abandon the claim. *Black v. N. Panola School Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006) ("[Plaintiff] further failed to defend her retaliatory abandonment claim in both responses to the defendant's motion to dismiss."). Thus, a party's failure to defend a claim in her response to a motion to dismiss constitutes abandonment. *See Matter of Dallas Roadster, Ltd.*, 846 F.3d 112, 126 (5th Cir. 2017)

(concluding plaintiff's failure to respond to defendant's argument in a motion to dismiss constituted abandonment) (citing *Black*, 461 F.3d at 588 n.1); *see, e.g.*, *Vela v. City of Houston*, 276 F.3d 659, 678-79 (5th Cir. 2001) (discussing abandonment of theories of recovery and defenses when such theories were not presented to the trial court).

Here, Haggins failed to respond to Deep Ellum's motion to dismiss and more than 21 days have passed since Deep Ellum filed its motion. *See* N.D. Tex. Loc. Civ. R. 7.1(e). Because Haggins wholly failed to respond to Deep Ellum's challenge to failure to state a claim upon which relief can be granted, the Court concludes Haggins has abandoned all of his claims. *See Black*, 461 F.3d at 588 n.1; *Matter of Dallas Roadster, Ltd.*, 846 F.3d at 126; *Vela*, 276 F.3d at 678-79.[3]

Thus, the Court grants Deep Ellum's motion to dismiss, thus dismissing all of Haggins' claims. The Court pretermits further discussion of the merits of Deep Ellum's argument in its motion to dismiss as dismissal is appropriate on the basis of abandonment.

### IV. CONCLUSION

For the reasons enumerated above, the Court (1) **DENIES** Haggins' motion to remand, (ECF No. 6), and (2) **GRANTS** Deep Ellum's motion to dismiss. (ECF No. 8). Thus, Haggins' state law and federal law claims are **dismissed without prejudice**. The Court shall enter a Rule 54(b) final judgment. *See* Fed. R. Civ. P. 54.

*(Signature on Following Page)*

---

[3] *See also, e.g.*, *JMCB, LLC v. Bd. of Com. & Indus.*, 336 F. Supp. 3d 620, 634 (M.D. La. 2018) ("[F]ailure to brief an argument in the district court waives that argument in that court.") (quoting *Magee v. Life Ins. Co. of N. Am.*, 261 F. Supp. 2d 738, 748 n.10 (S.D. Tex. 2003)) (citations omitted); *Kellam v. Servs.*, No. 12-352, 2013 WL 12093753, at *3 (N.D. Tex. May 31, 2013), *aff'd sub nom. Kellam v. Metrocare Servs.*, 560 F. App'x 360 (5th Cir. 2014) ("Generally, the failure to respond to arguments constitutes abandonment or waiver of the issue.") (citations omitted); *Mayo v. Halliburton Co.*, No. 10-1951, 2010 WL 4366908, at *5 (S.D. Tex. Oct. 26, 2010) (granting motion to dismiss breach of contract claim because plaintiff failed to respond to defendants' motion to dismiss on this issue and thus waived the argument).

**SO ORDERED:** April 16, 2024.

_____
ADA BROWN
UNITED STATES DISTRICT JUDGE